

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. H. C. Petry, Jr.
County Attorney
Dimmit County
Carrizo Springs, Texas

Dear Sir:              Opinion No. O-7263
                       Re:  Under provisions of Article
                            2742e-1, What is a "public
                            school", a resident scholastic
                            and related fact questions

          Your letter request, dated June 3, 1946, for an
opinion has been given our careful consideration.  The facts
and questions set out in your request are, in substance, as
follows:

          We have in Dimmit County a School District
known as the Dentonia School District, comprising
an area of approximately 200,000 acres under the
jurisdiction of our county school trustees.  At the
present time this district has less than ten resident
scholastics and no public school has been conducted
there for a period of four years.

          During the school year 1941-42 a school
was conducted for nine months in this district, having
one teacher.  Four months salary of this teacher was
paid through the County Superintendent's office, the
other five months salary was paid out of a private fund.
There was no school tax levied in this district during
that 1941-42 school year, which explains the lack of
funds to pay the teacher; there were about seven
pupils registered and most of the time only three or four
pupils were being taught.

          The County Board of School Trustees desires
to abolish the common school district and attach said

No COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

school district area to a contiguous school district. Under Article 2742c-1, V. A. C. S., a district which has "fewer than 10 resident scholastics within its boundaries" and where "no public school has been conducted in such district for a period of five years immediately preceding such action by such county board of school trustees" may be so abolished or attached by the county board of school trustees.

For the purposes of whether we may avail ourselves now of the provisions of Article 2742c-1, it is important for us to know:

1. What is a public school? Whether under the facts submitted a public school was conducted in the year 1941-42?

2. What is a resident scholastic? In the determination of the number of resident scholastics in the district, does the statute, Art. 2942e-1, contemplate the resident scholastics who reside in the district when the census is taken, or would resident scholastics include all those who reside in the district at the time an order is passed by the County Board of School Trustees abolishing the district?

3. Assume there has been no public school held in the common school district for four years. In the event the common school district in question should be consolidated under provisions of Art. 2695, V. A. C. S., with the Carrizo Springs Independent School District for a period of one year, during which year no school has been held in the common school district area, could the County Board of School Trustees then under the provisions of Art. 2742c-1 abolish and/or attach the area of said common school district to another district?

Attorney General's Opinion, No. O-7052, holds that if the County Board of School Trustees determines that there are fewer than 10 resident scholastics within the common school district, and that no school has been conducted therein within five years previous thereto, such Board would be authorized under Article 2742c-1 to make an order abolishing the common school district and attaching the territory to Carrizo Springs Independent School District.

We find no statutory definition of the term "public school". In Massey v. City of Laredo, 65 Tex. 406, the Supreme Court of Texas ruled that "public schools" are those and only those which are established in the manner provided by law and recognized as such by the proper authority. The law points out the method by which the Public School may be created, teachers employed and what will entitle them to salary. 37 Tex. Jurisprudence, Schools and School Districts, page 845, et seq.

It seems that no general definition can properly be formulated as to what constitutes a "public school". Public schools are usually defined as schools established under the laws of the State, usually regulated in matters of detail by the local authority of the various districts, towns or counties, and maintained at public expense by taxation, and opened without charge to the children of all the residents of the district or town. 113 A.L.R. p. 697-724.

If the school held in 1941-42 in the common school district in question was established in the method provided by the Texas school laws and was recognized as a public school by the proper school authorities of the common school district, was opened without charge, as your facts stated, to all children of the residents of the district, and taught by a teacher duly appointed or employed by the proper school authority, it is the opinion of this department that this school was operated as a public school within the meaning of the term "public school" as used in Article 2742c-1. There having been conducted a public school in the district during the school year 1941-42, the County Board of School Trustees may not avail itself of the provisions of Article 2742c-1 at this date, the five year provision of the statute not having been met.

Article 2816, V. A. C. S., provides as follows:

"The county superintendent and the board of trustees of the independent school districts, on the first day of each January or as soon as practicable thereafter, shall appoint one of the trustees of each school district, or some other qualified person, to take the scholastic census, who shall be known as the census trustee of the district. The census trustee between the first day of March and the first day of April after his

appointment, shall take a census of all the children that will be over seven and under eighteen years of age on the first day of the following September, and who are residents of the school district on said first day of April. In taking the said census he shall visit each home, residence, habitation and place of abode, and shall by actual observation and interrogation, enumerate the children thereof in the following manner: He shall use for each parent, or guardian or person having control of any such children, a prescribed form showing the name, color and nationality of the person rendering such children, the name and number of the school district in which the children reside, and the name, sex and date of birth of each such child of which he is a parent or guardian, or of which he has control. The census trustee shall require such forms to be subscribed and sworn to by the person rendering the children, and he is authorized to administer oaths for this purpose. When the census trustee visits any home or house or place of abode of a family, and fails to find either the parent or any person having legal control, he shall leave the prescribed census blank for the use of parents at such home or place of abode, with a note to the parent or guardian having legal control of such child or children, requiring that the form be filled out, signed and sworn to, and that the blank, when so filled out, shall be delivered by the parent or person having legal control of the child or children to the census trustee. Acts 1905, p. 263; Acts 1915, p. 183. (Underscoring ours)

Attorney General's Opinion, No. 0-585, a copy of which we forward with this opinion, reaffirmed the holding of an earlier administration that scholastics should be enumerated only in the district where they are physically present and reside on April 1, notwithstanding the domicile of their natural guardians and the State's apportionment can only be made on such basis. (Letter Opinion, Book No. 381, p. 585, dated May 13, 1938).

The general rule appears to be that in the absence of express and specific statutory restrictions limiting the classes of pupils living within a school district who shall be eligible

Hon. H. C. Petry, Jr., page 5

for public school privileges or free attendance, a child of school age living in a school district permanently with no present intention of removal, with a guardian or one who stands in loco parentis to him, free from control of the parents or emancipated, is entitled to all school privileges as a resident of the district for school purposes, even though the parents are non-residents. 148 A. L. R. pp. 1292-1302. See cases cited therein.

By virtue of the provisions of Article 2816, our previous holding in Opinion No. 0-586, and in the light of the general rule herein set out, concerning who are bona fide scholastics, it is the opinion of this department that "resident scholastics" as used in Article 2742e-1 includes all children who have been placed on the school census roll on or before April 1st of the year in question, in accordance with the provisions set out in Art. 2816. If on April 1st, there were fewer than ten resident scholastics on the school census roll, the fact that subsequent to that date and prior to the order of the Board, other resident scholastics moved into the district to increase the actual total to ten or above, would not defeat the order, other provisions of Art. 2742e-1 having been met.

If and when the common school district in question should be consolidated with the Carrizo Springs Independent School District under the proper statutory method, the said common school district will lose its identity for all purposes as a common school district and will have become by attachment a part of the independent school district with which it has consolidated. Being then consolidated and a part of an independent school district wherein a public school will be conducted, it follows that the provisions of Art. 2742e-1 will not be applicable. Our answer to your third question is, therefore, in the negative.

Trusting the above satisfactorily answers your inquiries, we remain,

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Chester Ollison
Assistant

COurt
Enc.-1

